Todd P. Emanuel (SBN 169301)
Pamela E. Glazner (SBN 247007)
EMANUEL LAW GROUP
411 Borel Avenue, Suite 425
San Mateo, California 94402
Telephone: (650) 369-8900
Facsimile: (650) 369-8999
todd@teinjurylaw.com
pam@teinjurylaw.com

Attorneys for Plaintiff
JOWY ROMAN

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOWY ROMAN,<br><br>　　　　Plaintiff,<br>　　v.<br><br>CITY OF FOSTER CITY, FOSTER CITY POLICE DEPARTMENT, JACK TURNER, AZIZ OBAIDI, and DOES 1 TO 20,<br><br>　　　　Defendants. | **COMPLAINT FOR DAMAGES**<br><br>1. Excessive Force, Unconstitutional Seizure—Fourth Amendment (42 U.S.C. § 1983)<br>2. Excessive Force—Fourteenth Amendment (42 U.S.C. § 1983)<br>3. Municipal Liability—Ratification (42 U.S.C. § 1983)<br>4. Municipal Liability—Failure to Train (42 U.S.C. § 1983)<br>5. Municipal Liability—Unconstitutional Custom, Practice or Policy (42 U.S.C. § 1983)<br>6. Battery by a Police Officer<br>7. Intentional Infliction of Emotional Distress<br>8. Bane Act (Cal. Civ. Code § 52.1)<br>9. Negligent Use of Force<br>10. Negligent Infliction of Emotional Distress<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. This excessive use of police force case arises out of the tasing and shooting of plaintiff Jowy Roman—who was alone, naked and self-harming with a small knife in the shower of his own home—by Foster City Police Department officers who were executing a warrant for an alleged crime that did not involve any weapons and who had no reasonable belief that plaintiff would be armed or dangerous to them.

## JURISDICTION

2. This action arises under 42 U.S.C. § 1983. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343. The state law causes of action of this complaint are sufficiently intertwined with the facts alleged in the first five claims for relief to confer supplemental jurisdiction upon this Court pursuant to 28 U.S.C. § 1367.

## VENUE

3. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to the claims in this action occurred in or around the City of San Mateo, California, which lies within the territory of the United States District Court for the Northern District of California.

## INTRADISTRICT ASSIGNMENT

4. This action arises in the County of San Mateo because a substantial part of the events and omissions that gave rise to plaintiff's claims occurred in the County of San Mateo. Therefore, the case should be assigned to the San Francisco Division pursuant to Civil LR 3-2(c) and (d).

## THE PARTIES

5. Plaintiff JOWY ROMAN ("Plaintiff") is a resident of the County of San Mateo, State of California.

6. Defendant CITY OF FOSTER CITY ("Foster City") is a California municipality, located within the jurisdictional territory of this Court. At all times pertinent to this action, FOSTER CITY maintained a police department, defendant FOSTER CITY POLICE DEPARTMENT ("FCPD") and employed defendants JACK TURNER ("Turner") and AZIZ OBAIDI ("Obaidi") as FCPD officers. Defendants Turner and Obaidi will be referred to together as the "Officer

Defendants." At all relevant times, the Officer Defendants were acting under color of law and within the course and scope of their duties as agents and/or employees of Foster City and/or FCPD.

7. Upon information and belief, at all relevant times, defendants, named herein as DOES 1-20, are or were employees, officers and/or agents of Foster City and/or FCPD, or otherwise materially caused the harm described herein, and did so under color of law, and within the scope of their agency, employment or enterprise with other defendants herein. The named defendants and Doe defendants will be referred to collectively as "Defendants."

## FACTS COMMON TO ALL CLAIMS

8. On or about January 22, 2020, FCPD provided a tactical briefing to officers, including the Officer Defendants, prior to their execution of a search warrant and an arrest warrant for Plaintiff. The alleged crime for which Defendants were executing the warrants did not involve any weapons. Defendants had no evidence that Plaintiff possessed firearms, and Plaintiff did not, in fact, possess any firearms.

9. Upon information and belief, the January 22, 2020 tactical briefing included information about the layout of Plaintiff's home where the arrest warrant would be executed; that there were no firearms in the home; that Plaintiff had no criminal history; and that approximately a year prior, Plaintiff had threatened to commit suicide by driving off a bridge and issued vague threats about committing "suicide by cop." Upon information and belief, Defendants devised a plan to establish Plaintiff's location and activities, and the FCPD team, including the Officer Defendants, received a broadcast that Plaintiff intended to take a shower, get dressed, and meet his wife at a hotel. Plaintiff was never warned in advance that the police would be or were coming to his home.

10. When the Officer Defendants entered Plaintiff's residence on or about January 22, 2020, Plaintiff was taking a shower with the water running in the bathroom with the bathroom door closed and locked. At the threshold of the bathroom, the Officers Defendants loudly announced their presence and commanded that Plaintiff come out of the bathroom, but they did not warn him of their intent to forcefully enter the bathroom, to violate his privacy, to aim weapons at him, to tase him, or to shoot him. There was no way for Plaintiff to escape the bathroom, except through the door that the Officer Defendants were blocking. There was no other door or window in the

Complaint for Damages & Jury Trial Demand
-3-

bathroom.

11. Defendant Turner kicked in the bathroom door and entered with defendant Obaidi, causing Plaintiff to feel completely vulnerable and afraid. Defendant Turner entered the bathroom fully armed, wearing a bulletproof proof vest over civilian clothes with his Taser aimed directly at Plaintiff. Defendant Obaidi entered the bathroom dressed in full police uniform, including a bulletproof vest, with his loaded firearm aimed directly at Plaintiff. The Officer Defendants' presence in Plaintiff's bathroom caused him to become visibly terrified and paranoid.

12. Plaintiff stood naked in the bathtub with the shower water running, holding a small, three-inch knife with a plastic handle in his right hand. Plaintiff had fresh, visible, self-inflicted cuts to his legs, thighs and arms, suggestive of recent self-harm. Plaintiff held up his left hand in a "stop" gesture and said "stop." It was obvious that Plaintiff was emotionally disturbed. The Officer Defendants knew that as Plaintiff stood naked in his shower, he did not possess any evidence on his person that was relevant to the subject of their search warrant. The Officer Defendants also knew that other police officers were present inside the house, equipped with both lethal and non-lethal force.

13. The Officer Defendants came within approximately five feet of Plaintiff and screamed at Plaintiff to drop the knife. Defendant Turner also threatened to tase Plaintiff if he did not drop the knife. Plaintiff helplessly stood still, shocked, and repeatedly asked, "What did I do? What did I do?" The Officer Defendants made no efforts to respond, and they did not make any reasonable efforts to apply well-known, effective, de-escalation techniques.

14. Plaintiff did not attempt to get out of his bathtub or advance toward the Officer Defendants. Nonetheless, defendant Turner fired his Taser gun at Plaintiff, observed the probes make contact, and immediately charged toward Plaintiff while the Taser probes were lodged into Plaintiff's bare chest and as Plaintiff was seizing up and falling forward. Defendant Turner physically overpowered Plaintiff, whose knife broke from its plastic handle on defendant Turner's bulletproof vest.

15. After defendant Turner had already successfully hit Plaintiff in the chest with his Taser, defendant Obaidi immediately used deadly force by shooting Plaintiff with his loaded firearm with

Complaint for Damages & Jury Trial Demand

-4-

the intent to kill Plaintiff, even though Plaintiff was naked, had never left the bathtub, had been tased, and had been holding only a small knife to self-harm. Defendant Obaidi's bullet struck Plaintiff in his abdominal area, immediately crippling Plaintiff and unleashing a significant amount of blood. Defendant Turner then yelled at defendant Obaidi to stop.

16. The Officer Defendants chose to tase and shoot Plaintiff even though they had ample opportunity to back up, to create more distance between Plaintiff and themselves, to leave the bathroom, to close the bathroom door, and to speak calmly to Plaintiff to get him to comply with their instructions. Instead of exercising sound discretion to employ any of several methods to guarantee Plaintiff's arrest with no risk of harm to themselves, the Officer Defendants instead deliberately chose an unnecessarily excessive, violent and lethal course of action.

17. Upon information and belief, Plaintiff alleges the following facts in this paragraph: The Officer Defendants were trained regarding the use of lethal force, nonlethal force and/or the use of no force whatsoever. The Officer Defendants also had access, either at the scene or within the ready access and control of FCPD, to the tools of nonlethal force, such as an oleoresin capsicum spray. The training the Officer Defendants received was either deficient to prepare them to address situations similar to that presented in this case, and/or the Officer Defendants failed to follow the appropriate training they received regarding, inter alia, the use of force, the apprehension of individuals in confined spaces, and interactions with mentally ill and suicidal people. As a result, the Officer Defendants used excessive force by unnecessarily shooting Plaintiff with a Taser and with a loaded firearm at close range. This use of excessive and/or deadly force was entirely unnecessary and avoidable, and the severe and permanent physical and emotional injuries to Plaintiff were reasonably and necessarily preventable.

18. As to the state law causes of action, the subject incident giving rise to this action took place on January 22, 2020. Plaintiff served a government claim pursuant to California Government Code § 910 et seq. on defendant Foster City via certified mail July 15, 2020. Defendant Foster City responded to the claim within 45 days by a rejection letter dated August 20, 2020.

//

//

# FIRST CLAIM FOR RELIEF

## Excessive Force, Unconstitutional Seizure—Fourth Amendment (42 U.S.C. § 1983)

### Against Defendants Turner and Obaidi

19. Plaintiff restates and incorporates by reference the allegations of the foregoing paragraphs of this complaint, as if set forth in full.

20. In doing the acts complained of herein, the Officer Defendants, and each of them, knowingly acted without immunity and under color of law to deprive Plaintiff of his right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures of his person. The Officer Defendants were each acting or purporting to act in the performance of his official duties as a FCPD officer.

21. Defendant Turner unreasonably seized Plaintiff's person by shooting him with a Taser in the chest, while Plaintiff was naked, was contained within his own bathroom and in a bathtub, and was clearly engaged in self-harm. Defendant Obaidi unreasonably seized Plaintiff's person by shooting him with a firearm at close range after defendant Turner had already tased Plaintiff, and while Plaintiff was naked, was contained within his own bathroom and in a bathtub, and was clearly engaged in self-harm. Each of these acts constituted excessive force against Plaintiff while the Officer Defendants were in the process of executing an arrest warrant for a crime that did not involve weapons and when the Officer Defendants did not have a reasonable belief that Plaintiff posed a threat to them or others under the circumstances known to them at the time.

22. As a direct result of the conduct of the Officer Defendants, and each of them, Plaintiff suffered great bodily harm, causing severe and permanent physical pain, severe pain and suffering, and severe emotional distress, including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, shame and panic. Plaintiff has suffered and continues to suffer damages in an amount according to proof at trial.

23. The Officer Defendants' use of excessive force each constituted a substantial factor in causing Plaintiff's harm.

24. The conduct of the Officer Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of

exemplary and punitive damages in an amount according to proof at trial.

25. Plaintiff seeks attorneys' fees, costs and interest in connection with this claim for relief.

### SECOND CLAIM FOR RELIEF

### Excessive Force—Fourteenth Amendment (42 U.S.C. § 1983)

### Against Defendants Turner and Obaidi

26. Plaintiff restates and incorporates by reference the allegations of the foregoing paragraphs of this complaint, as if set forth in full.

27. In doing the acts complained of herein, the Officer Defendants, and each of them, knowingly acted without immunity and under color of law to deprive Plaintiff of his right to life and liberty in violation of his substantive due process rights under the Fourteenth Amendment to the United States Constitution. The Officer Defendants were each acting or purporting to act in the performance of his official duties as a FCPD officer.

28. The Officer Defendants, and each of them, violated Plaintiff's substantive due process rights to life and liberty under the Fourteenth Amendment to the United States Constitution by using excessive force against Plaintiff. Defendant Turner violated Plaintiff's Fourteenth Amendment rights by shooting him with a Taser in the chest, while Plaintiff was naked, was contained within his own bathroom and in a bathtub, and was clearly engaged in self-harm. Defendant Obaidi violated Plaintiff's Fourteenth Amendment rights by shooting him with a firearm at close range after defendant Turner had already tased Plaintiff, and while Plaintiff was naked, was contained within his own bathroom and in a bathtub, and was clearly engaged in self-harm. Each of these acts constituted excessive force against Plaintiff while the Officer Defendants were in the process of executing an arrest warrant for a crime that did not involve weapons and when the Officer Defendants did not have a reasonable belief that Plaintiff posed a threat to them or others under the circumstances known to them at the time.

29. As a direct result of the conduct of the Officer Defendants, and each of them, Plaintiff suffered great bodily harm, causing severe and permanent physical pain, severe pain and suffering, and severe emotional distress, including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, shame and panic. Plaintiff has suffered and continues to suffer

damages in an amount according to proof at trial.

30. The Officer Defendants' use of excessive force each constituted a substantial factor in causing Plaintiff's harm.

31. The conduct of the Officer Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages in an amount according to proof at trial.

32. Plaintiff seeks attorneys' fees, costs and interest in connection with this claim for relief.

## THIRD CLAIM FOR RELIEF

### Municipal Liability—Ratification (42 U.S.C. § 1983)

### Against Defendants Foster City, FCPD, and Does 1-20

33. Plaintiff restates and incorporates by reference the allegations of the foregoing paragraphs of this complaint, as if set forth in full.

34. In doing the acts complained of herein, the Defendants, and each of them, knowingly acted without immunity and under color of law to deprive Plaintiff of his civil rights under the Fourth and Fourteenth Amendments to the United States Constitution. Defendants, and each of them, were each acting or purporting to act in the performance of their official duties as part of Foster City and/or FCPD. At all relevant times, defendants Foster City and/or FCPD employed individuals, named as Does 1-20, as policymakers and/or decisionmakers.

35. The civil rights of Plaintiff—specifically his Fourth Amendment right to be free from unreasonable seizure of his person and his Fourteenth Amendment substantive due process right to life and liberty—were violated when defendant Turner shot Plaintiff with a Taser and defendant Obaidi shot Plaintiff with a firearm while Plaintiff was naked, was contained within his own bathroom and in a bathtub, and was clearly engaged in self-harm.

36. Upon information and belief, final policymakers and/or decisionmakers, named as Does 1-20, acting under color of law, who had final policymaking and/or decision-making authority concerning the acts of the Officer Defendants, ratified the actions of the Officer Defendants and the bases for them. Upon information and belief, final policymakers and/or decisionmakers knew of and approved of the Officer Defendants' actions. Upon information and belief, Foster City and/or FCPD

and Does 1-20, and each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the excessive force and/or civil rights violations by the Officer Defendants. Upon information and belief, the Officer Defendants did not face appropriate discipline for their actions.

37. That ratification constituted a conscious and deliberate choice to follow a course of action from among various alternatives. That ratification constituted approval of the actions of the Officer Defendants with knowledge of the circumstances under which defendant Turner shot Plaintiff with a Taser and that defendant Obaidi shot Plaintiff with a firearm.

38. As a direct result of the actions of the Officer Defendants, as well as the ratification of those actions by defendants Foster City, FCPD and Does 1-20, Plaintiff has suffered great bodily harm, causing severe and permanent physical pain, severe pain and suffering, and severe emotional distress, including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, shame and panic. Plaintiff has suffered and continues to suffer damages in an amount according to proof at trial.

39. The acts and/or omissions of the official policymakers and decisionmakers, named as Does 1-20, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages in an amount according to proof at trial.

40. Plaintiff seeks attorneys' fees, costs and interest in connection with this claim for relief.

### FOURTH CLAIM FOR RELIEF
### Municipal Liability—Failure to Train (42 U.S.C. § 1983)
### Against Defendants Foster City, FCPD, and Does 1-20

41. Plaintiff restates and incorporates by reference the allegations of the foregoing paragraphs of this complaint, as if set forth in full.

42. In doing the acts complained of herein, the Defendants, and each of them, knowingly acted without immunity and under color of law to deprive Plaintiff of his civil rights under the Fourth and Fourteenth Amendments to the United States Constitution. Defendants, and each of them were each acting or purporting to act in the performance of their official duties as part of Foster City and/or FCPD. At all relevant times, Defendants Foster City and/or FCPD employed

individuals, named as Does 1-20, as trainers and/or supervisors of the Officer Defendants.

43. Upon information and belief, the training program provided by Foster City and/or FCPD, and the training provided by defendants Does 1-20 as trainers and/or supervisors of the Officer Defendants, was not adequate to train the Officer Defendants in circumstances similar to those presented in this case, including, inter alia, the use of force, the apprehension of individuals in confined spaces, and interactions with mentally ill and suicidal people.

44. Upon information and belief, high ranking Foster City and/or FCPD officials, including high ranking trainers and/or supervisors of the Officer Defendants, named as Does 1-20, knew or reasonably should have known that the Officer Defendants' lack of training and preparedness regarding, inter alia, the use of force, the apprehension of individuals in confined spaces, and interactions with mentally ill and suicidal people, was likely to result in the deprivation of community members' Fourth Amendment right to be free from unreasonable seizure of one's person and their Fourteenth Amendment substantive due process right to life and liberty. Upon information and belief, Defendants Foster City and/or FCPD and Does 1-20, as supervisors and/or trainers, acted or failed to act regarding such training with deliberate indifference to the constitutional rights of community members, including Plaintiff.

45. The civil rights of Plaintiff—specifically his Fourth Amendment right to be free from unreasonable seizure of his person and his Fourteenth Amendment substantive due process right to life and liberty—were violated when defendant Turner shot Plaintiff with a Taser and defendant Obaidi shot Plaintiff with a firearm.

46. As a direct result of the actions of the Officer Defendants, as well as the failure of defendants Foster City, FCPD and Does 1-20, as supervisors and/or trainers, to provide adequate training, Plaintiff's Fourth Amendment right to be free from unreasonable seizure of his person and his Fourteenth Amendment substantive due process right to life and liberty were violated.

47. Plaintiff has suffered great bodily harm, causing severe and permanent physical pain, severe pain and suffering, and severe emotional distress, including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, shame and panic. Plaintiff has suffered and continues to suffer damages in an amount according to proof at trial.

48. The acts and/or omissions of the trainers and/or supervisors, named as Does 1-20, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages in an amount according to proof at trial.

49. Plaintiff seeks attorneys' fees, costs and interest in connection with this claim for relief.

## FIFTH CLAIM FOR RELIEF

**Municipal Liability—Unconstitutional Custom, Practice or Policy (42 U.S.C. § 1983)**

**Against Defendants Foster City, FCPD, and Does 1-20**

50. Plaintiff restates and incorporates by reference the allegations of the foregoing paragraphs of this complaint, as if set forth in full.

51. In doing the acts complained of herein, the Defendants, and each of them, knowingly acted without immunity and under color of law to deprive Plaintiff of his civil rights under the Fourth and Fourteenth Amendments to the United States Constitution. Defendants, and each of them, were each acting or purporting to act in the performance of their official duties as part of Foster City and/or FCPD. At all relevant times, Defendants Foster City and/or FCPD employed individuals, named as Does 1-20, as policymakers and/or supervisors.

52. Upon information and belief, defendants Foster City and/or FCPD and Does 1-20, in their official capacities as policymakers and/or supervisors for Foster City and/or FCPD instituted or failed to institute appropriate policies, practices or customs regarding, inter alia, the use of force, the apprehension of individuals in confined spaces, interactions with mentally ill and suicidal people, and the discipline of FCPD officers who use excessive force. Upon information and belief, defendants Foster City and/or FCPD and Does 1-20, in their capacities as policymakers and/or supervisors, acted or failed to act regarding such policies, practices or customs with deliberate indifference to the constitutional rights of community members, including Plaintiff.

53. The civil rights of Plaintiff—specifically his Fourth Amendment right to be free from unreasonable seizure of his person and his Fourteenth Amendment substantive due process right to life and liberty—were violated when defendant Turner shot Plaintiff with a Taser and defendant Obaidi shot Plaintiff with a firearm.

54. Upon information and belief, the acts and/or omissions regarding these policies, practices and customs of defendants Foster City and/or FCPD and Does 1-20, in their capacities as policymakers and/or decisionmakers, are the direct and proximate cause of the constitutional violations Plaintiff suffered at the hands of the Officer Defendants. Upon information and belief, the Officer Defendants acted pursuant to an expressly adopted official policy or longstanding practice or custom of defendants Foster City and/or FCPD.

55. As a direct result of the acts and/or omissions of defendants Foster City and/or FCPD and Does 1-20, in their official capacities as policymakers and/or supervisors, regarding these policies, practices and customs, Plaintiff has suffered great bodily harm, causing severe and permanent physical pain, severe pain and suffering, and severe emotional distress, including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, shame and panic. Plaintiff has suffered and continues to suffer damages in an amount according to proof at trial.

56. The acts and/or omissions of the official policymakers and/or supervisors, named as Does 1-20, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages in an amount according to proof at trial.

57. Plaintiff seeks attorneys' fees, costs and interest in connection with this claim for relief.

## SIXTH CLAIM FOR RELIEF

**Battery by a Police Officer**

**Against Defendants Turner, Obaidi, Foster City and FCPD**

58. Plaintiff restates and incorporates by reference the allegations of the foregoing paragraphs of this complaint, as if set forth in full.

59. In doing the acts complained of herein, the Officer Defendants, and each of them, knowingly acted without immunity and within the course and scope of their employment with defendants Foster City and/or FCPD.

60. The Officer Defendants intentionally touched Plaintiff and used unreasonable force to arrest Plaintiff when defendant Turner shot Plaintiff with a Taser and defendant Obaidi shot Plaintiff

with a firearm while Plaintiff was naked, was contained within his own bathroom and in a bathtub, and was clearly engaged in self-harm.

61. Plaintiff did not consent to the use of that unreasonable force.

62. As a direct result of the conduct of the Officer Defendants, and each of them, Plaintiff suffered great bodily harm, causing severe and permanent physical pain, severe pain and suffering, and severe emotional distress, including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, shame and panic. Plaintiff has suffered and continues to suffer damages in an amount according to proof at trial.

63. The Officer Defendants' use of force each constituted a substantial factor in causing Plaintiff's harm.

64. The conduct of the Officer Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages in an amount according to proof at trial.

## SEVENTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

### Against Defendants Turner, Obaidi, Foster City and FCPD

65. Plaintiff restates and incorporates by reference the allegations of the foregoing paragraphs of this complaint, as if set forth in full.

66. In doing the acts complained of herein, the Officer Defendants, and each of them, knowingly acted without immunity and within the course and scope of their employment with defendants Foster City and/or FCPD.

67. The Officer Defendants acted intentionally and/or with reckless disregard for Plaintiff's rights and bodily integrity, and with deliberate indifference to the certainty that Plaintiff would suffer emotional distress when defendant Turner shot Plaintiff with a Taser and defendant Obaidi shot Plaintiff with a firearm while Plaintiff was naked, was contained within his own bathroom and in a bathtub, and was clearly engaged in self-harm.

68. The Officer Defendants' conduct was extreme and outrageous.

69. As a direct result of the conduct of the Officer Defendants, and each of them, Plaintiff

suffered great bodily harm, causing severe and permanent physical pain, severe pain and suffering, and severe emotional distress, including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, shame and panic. Plaintiff has suffered and continues to suffer damages in an amount according to proof at trial.

70. The Officer Defendants' use of excessive force each constituted a substantial factor in causing Plaintiff's harm.

71. The conduct of the Officer Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages in an amount according to proof at trial.

### EIGHTH CLAIM FOR RELIEF

**Bane Act (Cal. Civ. Code § 52.1)**

**Against Defendants Turner, Obaidi, Foster City and FCPD**

72. Plaintiff incorporates herein by reference, as though set forth in full, all preceding paragraphs of this complaint.

73. In doing the acts complained of herein, the Officer Defendants, and each of them, knowingly acted without immunity and within the course and scope of their employment with defendants Foster City and/or FCPD.

74. The Officer Defendants, and each of them, acted violently against Plaintiff when defendant Turner shot Plaintiff with a Taser and defendant Obaidi shot Plaintiff with a firearm, thereby violating Plaintiff's Fourth Amendment right to be free from unreasonable seizure of his person and his Fourteenth Amendment substantive due process right to life and liberty under the United States Constitution, and violating Plaintiff's right to be secure in his person against unreasonable seizure under article I, section 13 of the California Constitution, as well as the laws of this state.

75. The Officer Defendants intentionally deprived or attempted to deprive Plaintiff of his clearly established rights guaranteed by the United States Constitution, the California Constitution, and the laws of this state.

//

76. The deprivation of Plaintiff's civil rights was the actual and proximate cause of the injuries to Plaintiff. As a direct result of those acts and/or omissions, Plaintiff has suffered great bodily harm, causing severe and permanent physical pain, severe pain and suffering, and severe emotional distress, including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, shame and panic. Plaintiff has suffered and continues to suffer damages in an amount according to proof at trial.

77. The acts and/or omissions of the Officer Defendants, and each of them, constituted a substantial factor in causing Plaintiff's harm.

78. In addition to and/or in lieu of Plaintiff's election, Plaintiff is entitled to receive and seeks statutory damages pursuant to California Civil Code section 52, subdivisions (a) and (b).

79. The conduct of the Officer Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages pursuant to California Civil Code section 52(b)(1) in an amount according to proof at trial.

80. Pursuant to California Civil Code section 52(b)(3), Plaintiff has incurred and will continue to incur attorneys' fees in the prosecution of this action and therefore demands such reasonable attorney's fees and costs as set by the Court.

### NINTH CLAIM FOR RELIEF

**Negligent Use of Force**

**Against Defendants Turner, Obaidi, Foster City, and FCPD**

81. Plaintiff incorporates herein by reference, as though set forth in full, all preceding paragraphs of this complaint.

82. In doing the acts complained of herein, the Officer Defendants, and each of them, knowingly acted without immunity and within the course and scope of their employment with defendants Foster City and/or FCPD.

83. Defendants, and each of them, owed a duty to Plaintiff to refrain from using unreasonable non-deadly force and to refrain from using deadly force that was not necessary to defend human life.

84. Defendant Turner breached this duty when he shot Plaintiff with a Taser, and defendant Obaidi breached this duty when he shot Plaintiff with a firearm, while Plaintiff was naked, was contained within his own bathroom and in a bathtub, and was clearly engaged in self-harm.

85. The negligence, carelessness, recklessness and intentional conduct of the Officer Defendants was the actual and proximate cause of the injuries to Plaintiff. As a direct result of those acts and/or omissions, Plaintiff has suffered great bodily harm, causing severe and permanent physical pain, severe pain and suffering, and severe emotional distress, including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, shame and panic. Plaintiff has suffered and continues to suffer damages in an amount according to proof at trial.

86. The Officer Defendants' negligence, carelessness, recklessness and intentional conduct constituted a substantial factor in causing the harm to Plaintiff.

## TENTH CLAIM FOR RELIEF

### Negligent Infliction of Emotional Distress

### Against Defendants Turner, Obaidi, Foster City and FCPD

87. Plaintiff incorporates herein by reference, as though set forth in full, all preceding paragraphs of this complaint.

88. In doing the acts complained of herein, the Officer Defendants, and each of them, knowingly acted without immunity and within the course and scope of their employment with defendants Foster City and/or FCPD.

89. Defendants, and each of them, owed a duty to Plaintiff not to act in a manner that was careless and that would cause foreseeable injury.

90. Defendant Turner breached this duty when he shot Plaintiff with a Taser, and defendant Obaidi breached this duty when he shot Plaintiff with a firearm, while Plaintiff was naked, was contained within his own bathroom and in a bathtub, and was clearly engaged in self-harm.

91. The negligence, carelessness, recklessness and intentional conduct of the Officer Defendants was the actual and proximate cause of the injuries to Plaintiff. As a direct result of those acts and/or omissions, Plaintiff has suffered great bodily harm, causing severe and permanent physical pain, severe pain and suffering, and severe emotional distress, including suffering, anguish,

fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, shame and panic. Plaintiff has suffered and continues to suffer damages in an amount according to proof at trial.

92. The Officer Defendants' negligence, carelessness, recklessness and intentional conduct constituted a substantial factor in causing the harm to Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter as follows:

As to the FIRST and SECOND CLAIMS FOR RELIEF:
1. For special damages, including medical and related expenses, in an amount according to proof;
2. For general damages in an amount according to proof;
3. For punitive and exemplary damages in an amount according to proof;
4. For attorneys' fees by statute and as otherwise provided by law;
5. For costs incurred; and
6. For interest on any award of damages.

As to the THIRD, FOURTH and FIFTH CLAIMS FOR RELIEF:
1. For special damages, including medical and related expenses, in an amount according to proof;
2. For general damages in an amount according to proof;
3. As to individual defendants Does 1-20, for punitive and exemplary damages in an amount according to proof;
4. For attorneys' fees by statute and as otherwise provided by law;
5. For costs incurred; and
6. For interest on any award of damages.

As to the SIXTH and SEVENTH CLAIMS FOR RELIEF:
1. For special damages, including medical and related expenses, in an amount according to proof;
2. For general damages in an amount according to proof;
3. As against the Officer Defendants, for punitive and exemplary damages in an amount according to proof;
4. For costs incurred; and
5. For interest on any award of damages.

//

Complaint for Damages & Jury Trial Demand
-17-

As to the EIGHTH CLAIM FOR RELIEF:
1. For special damages, including medical and related expenses, in an amount according to proof;
2. For general damages in an amount according to proof;
3. For statutory damages, in addition to or in lieu of Plaintiff's election, pursuant to California Civil Code section 52, subdivisions (a) and (b);
4. As against the Officer Defendants, for punitive and exemplary damages pursuant to California Civil Code section 52(b)(1) in an amount according to proof;
5. For attorneys' fees pursuant to California Civil Code section 52(b)(3) and as otherwise provided by law;
6. For costs incurred; and
7. For interest on any award of damages.

As to the NINTH and TENTH CLAIMS FOR RELIEF:
1. For special damages, including medical and related expenses, in an amount according to proof;
2. For general damages in an amount according to proof;
3. For costs incurred; and
4. For interest on any award of damages.

**JURY DEMAND**

Plaintiff hereby demands a jury to be empaneled for the trial of this matter.

Dated: February 4, 2021             EMANUEL LAW GROUP


                                    By:   /s/ Todd P. Emanuel
                                          TODD P. EMANUEL, ESQ.
                                          Attorney for Plaintiff, JOWY ROMAN

Complaint for Damages & Jury Trial Demand

-18-